IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JOHN & PAULA BURTON            )
                               )
        Plaintiffs,            )
                               )
    v.                         )        No: 1:07cv-192 (RMU)
                               )
UNITED STATES,                 )
                               )
        Defendant.             )

## UNITED STATES' MOTION TO VACATE ENTRY OF DEFAULT
## AND TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves the Court to vacate the April

23, 2007 entry of default against the United States and to dismiss plaintiffs' complaint

on the grounds that they failed to serve the Internal Revenue Service and to state a

claim upon which relief can be granted.  A memorandum of points and authorities  in

support of this motion and a proposed order are submitted herewith.

      DATE: April 30, 2007.            Respectfully submitted,

                                        /s/ Pat S. Genis
                                       PAT S. GENIS, #446244
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       Post Office Box 227
                                       Washington, DC  20044
                                       Tel./FAX:  (202) 307-6390/614-6866
                                       Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2359699.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JOHN & PAULA BURTON          )
                             )
        Plaintiffs,          )
                             )
    v.                       )        No:  1:07cv-192 (RMU)
                             )
UNITED STATES,               )
                             )
        Defendant.           )


## MEMORANDUM IN SUPPORT OF UNITED  STATES' MOTION TO VACATE ENTRY OF DEFAULT AND TO DISMISS CASE

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code.1/  Plaintiffs seek damages for alleged unauthorized collection activities.

QUESTION PRESENTED

Plaintiffs seek damages under 26 U.S.C. § 7433.  The complaint consists of generalized allegations without factual support.  Should the Court vacate the entry of default against the United States and dismiss plaintiffs'  complaint for failure to state a claim upon which relief can be granted.

---

1/ This is plaintiffs' second complaint with virtually the same allegations.  (*See* Case no. 05-2121, filed on October 31, 2005.)  Plaintiffs' first case was dismissed for failure to properly serve the United States.  (*See* Dkt. #17 & 18.)

STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs, John & Paula Burton, filed this

complaint on January 29, 2007,  and served the United States Attorney General and the

United States Attorney for the District of Columbia on February 12, 2007 and February

13, 2007, respectively.  Plaintiffs did not serve the Internal Revenue Service.

On April 23, 2007, plaintiffs filed an affidavit for default, and the Clerk entered a

default against the United States on April 26, 2007.

2. <u>Relief sought and allegations in the complaint</u>.  The complaint seeks damages

under 26 U.S.C. § 7433.  (Compl., Remedy Sought, at 24.)  Plaintiffs have organized their

complaint into 33 purported "counts" of alleged wrongdoing by the Internal Revenue

Service.<u>2</u>/  In each count, plaintiffs make no factual allegations, but merely restate the

statutory language and assert that the Internal Revenue Service failed to implement the

statutes and regulations.<u>3</u>/

---

<u>2</u>/ Plaintiffs have two paragraphs numbered "26;" they are designated here as "26-1" and "26-2."

<u>3</u>/ Plaintiffs allege that the Internal Revenue Service:  disregarded certain record-keeping requirements (counts 1-2, 19-21, 28); failed to prepare substitutes for returns for him (counts 3-8); forced them to use social security numbers (count 9); failed to comply with assessment procedures (counts 10-16, 18, 22-23); failed to send required notices (counts 17 & 24); failed to comply with section 6304 which prohibits harassing taxpayers (count 26-1); failed to provide them with hearings and mediation (counts 25-26, 26-2, 29, 30); and improperly asserted tax liens (counts 27, 31 & 32).

ARGUMENT

I

PLAINTIFFS FAILED TO PROPERLY SERVE THE UNITED STATES

Under rule 4(i), the United States must be served by:  (1) delivering a copy of the

summons and complaint to the United States attorney for the district in which the

action is brought, or by sending a copy of the summons and complaint by registered or

certified mail addressed to the civil process clerk at the office of the United States

attorney; and (2) by sending a copy of the summons and complaint by registered or

certified mail to the Attorney General of the United States at Washington, D.C.; and (3)

by sending a copy of the summons and complaint by registered or certified mail to the

officer, employee and/or agency of the United States being sued.  Fed. R. Civ. P. 4(I);

Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332

(D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal

jurisdiction, leaving the Court with no power to compel an answer or response.  Rabiolo

v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v.

Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).

A jurisdictional defect of this sort is fatal to maintenance of an action.  Bland v. Britt, 271

F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is

improper.  See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant

challenges the sufficiency of service of process, the party alleging adequate service of

process has the burden of proving that such service was proper. See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiffs served the United States Attorney General and the United States Attorney for the District of Columbia; plaintiffs, however, failed to serve the Internal Revenue Service. Accordingly, since plaintiffs failed to properly serve the United States, this Court should vacate the entry of default and dismiss this complaint.

II.

### The Court Should Dismiss Plaintiffs' Claim for Damages For Failure to State a Claim.

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek $10,000 for each disregard. (Compl., Remedy Sought, at 24.) The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) unless the court determines that the plaintiffs have

2359699.1                                    4

exhausted the administrative remedies available to such plaintiffs within the Internal

Revenue Service."  26 U.S.C. § 7433(d)(1).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The

regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in*
> *the case of negligence) or actual, direct economic damages, as*
> *defined in paragraph (b) of this section [7433] shall be sent in*
> *writing* to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at

128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979

F.2d 1375 (9th Cir. 1992).

In this case, plaintiffs assert that they filed an administrative claim for

damages.4/  Even if plaintiffs' assertion is true, plaintiffs' complaint for damages under

---

4/  The United States does not concede that plaintiffs' claim for damages met the
requirements of 26 C.F.R. § 301.7433-1(e); but for purposes of this memorandum only

26 U.S.C. § 733 is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed.R.Civ.P. 12(b)(6). A complaint need only set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R.Civ.P. 8(a). But, a court should dismiss a complaint when the plaintiffs can prove no set of facts in support of his claim that would entitle the plaintiffs to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004).

Here, most of plaintiffs' allegations involve activities which are not related to the collection of taxes. Section 7433 authorizes damages for wrongful *collection* activities only. Accordingly, all allegations in plaintiffs' complaint which involve non-collection activities must be dismissed. Of the counts that may involve collection activities, plaintiffs' allegations have no factual support whatsoever, and thus fail to state a claim.

Based on the discussion above, plaintiffs' allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. Accordingly, the Court should vacate the entry of default and dismiss plaintiffs' complaint for failure to state a claim for which relief can be granted.

---

assumes that the claim, if filed as plaintiffs allege, may be adequate.

CONCLUSION

Plaintiffs failed to properly serve the United States, depriving this Court of personal jurisdiction over the United States, and failed to state a claim for their section 7433 damages. Therefore, this Court should vacate the entry of default against the United States and dismiss plaintiffs' complaint.

DATE: April 30, 2007.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2359699.1                              7

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN & PAULA BURTON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No:  1:07cv-192 (RMU) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO VACATE ENTRY OF

DEFAULT AND TO DISMISS COMPLAINT and proposed ORDER were served upon

plaintiffs *pro se* on April 30, 2007, by depositing a copy in the United States' mail,

postage prepaid, addressed as follows:

John Burton
Paula Burton
*Plaintiffs pro se*
220 Green Leaf Drive
Eagle Point, OR 97524


 /s/ Pat S. Genis                    
PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JOHN & PAULA BURTON                )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )          No:  1:07cv-192 (RMU)
                                   )
UNITED STATES,                     )
                                   )
            Defendant.             )

## O R D E R

Having considered the United States' motion to vacate entry of default against

the United States and to dismiss plaintiffs' complaint, together with the memorandum

in support thereof, and having further considered plaintiffs' [lack of] opposition thereto,

the Court concludes that the motion ought to be granted.  Accordingly, it is this _____

day of _____, 2007, at Washington, District of Columbia,

ORDERED that the entry of default is VACATED;

ORDERED that defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiffs' complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

John Burton
Paula Burton
*Plaintiffs pro se*
220 Green Leaf Drive
Eagle Point, OR 97524

2431790.1