**RECEIVED**

MAY 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

John Burton
Paula Burton

No:
1:07cv00192

Plaintiff(s),

RESPONSE TO MOTION
TO VACATE/DISMISS

v.

United States (Government)

Defendant.

Defendant, through counsel, has filed an untimely motion to vacate default/motion to dismiss.

Defendants' counsel admits that both the United States Attorney General and the United States Attorney were properly and timely served a summons and complaint. (Deft's motion p2 ¶1). Defendants' counsel admits that the defendant and defendants' counsel were given proper and timely notice of a requirement to answer/respond by a date set certain. (See plaintiffs' Summons) The record shows that defends' counsel did not obey a lawful order of the court to answer/respond on or before the date set certain by the court.

Plaintiff asserts and believes that defendants' counsel is trained in law and the rules of civil procedure. Yet defendants' counsel alleges no reason for counsel's tardiness. Defendants' counsel does not claim inadvertence, mistake,.workload, nor does defendants' counsel allege that plaintiffs are not prejudiced by counsels' failure to obey a lawful order

of the court, nor does defendants' counsel assert any other good reason, nor does defendants' counsel show any form of good faith for counsel's failure to comply with the lawful order of the court to answer/respond to plaintiffs' complaint by the date set certain. Thus, there are no facts/assertions before the court for the court to rule that plaintiffs are not prejudiced by counsel's tardy motion.

Defendants' counsel makes the following additional admissions:

1. That plaintiffs filed an administrative claim. (foot note 4)

2. That the complaint need only to set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests. Fed.R. Civ.8(a) (def'ts mot. p 6 ¶1)

3. That there are counts that may involve collections activities.(def'ts mot. p 6 ¶2)

Counsel also make the following arguments which counsel knows or should know are patently frivolous:

1. Counsel asserts that plaintiffs failed to serve the Internal Revenue Service. (def'ts mot. p 2 ¶1)

2. Counsel asserts that plaintiffs are required to exhaust administrative remedies and then admits that plaintiffs have properly asserted exhaustion of administrative remedies. (def'ts mot. p 6 ¶1, ft. note #4)

3. Counsel asserts that most of plaintiffs' allegations involve activities which are not related to the collection of taxes. (def'ts mot. p 6 ¶2)

4. Counsel asserts that of the counts that may involve collection activity plaintiffs' allegations have no factual support whatsoever and thus fail to state a claim. (defts mot. p 6 ¶2)

ARGUMENT

Counsel asserts that plaintiffs failed to serve the Internal Revenue Service. A simple reading of the heading of this case reveals to defendants' counsel that the Internal Revenue Service is not a party to this action. Counsel knows or should know that section 7433 specifically authorizes suit against the United States and no one else. Thus counsel wastes both the courts' and plaintiffs' time by requiring plaintiffs to respond to such a frivolous assertion.

Counsel asserts that most of plaintiffs' allegations involve activities which are not related to the collection of taxes. Counsel fails to identify which specific counts are not related to the collection of taxes leaving the Court and plaintiffs to guess which counts counsel is referring to. Nor does counsel provide specific facts to support counsel's assertion that these unidentified counts are not related to the collection of taxes. Counsel knows or should know that counsel's assertions must be supported by facts. Counsel asserts that plaintiffs did not support their counts with facts, yet, as stated counsel failed to support her assertions with facts.

Counsel asserts that of the counts that may involve collection activities plaintiffs' allegations have no factual support and thus fail to state a claim. Plaintiffs assert that the

Verified Complaint meets the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[1]. Counsel fails to support this assertion with facts and/or state the portion of Fed.R.Civ.P. 8(a) that requires plaintiffs to provide facts. As quoted above the complaint need only to set forth a short and plain statement of the claim that gives the defendant fair notice of the claim and grounds upon which it rests[2].

Counsel asserts that there are counts that may involve collection activity. Here again counsel fails to identify for the Court and the plaintiffs which counts counsel is referring to. Again leaving both the Court and the plaintiffs to guess as to which counts counsel is referring to. Inasmuch as counsel admits that there may be counts which involve collection activity these counts, by admission of counsel, must survive a 12(b)(6) motion.

In foot note #4 counsel asserts "The United States does not concede that plaintiffs' claim for damages met the requirements 26 C.F.R.§301.7433-1(e); Counsel's assertion is a factual matter that must be decided by the jury.

Failure to exhaust administrative remedies is an affirmative defense, so says Chief

---

[1] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[2] In its liberality, Rule 8's "notice" pleading standard thus erects a powerful presumption against dismissing pleadings as deficient. (*See Gilligan v. Jamco Dev't Corp*, 108 F. 3d 246,249 (9th Cir. 1997)

Justice Roberts of the United States Supreme Court[3]. Counsel failed to raise failure to exhaust as an affirmative defense.

Therefore, for the above reasons defendants' motion to vacate/dismiss is ineffective and cannot be granted. For the above reasons defendants' motion to dismiss pursuant to 12(b)(6) is not only unavailable it is also untimely and cannot be granted.

Respectfully,

Dated 5-8- , 2007

_____
John Burton
220 Green Leaf Dr.
Eagle Point, OR 97524

_____
Paula Burton
220 Green Leaf Dr.
Eagle Point, OR 97524

On the above inscribed date before the undersigned, a Notary Public for the State of Oregon, personally appeared, John Burton, Paula Burton known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Oregon
County of Jackson
Signed before me on 5-8-2007

OFFICIAL SEAL
LAURI R. BROWNSON
NOTARY PUBLIC-OREGON
COMMISSION NO 389567
MY COMMISSION EXPIRES MARCH 29, 2009

---

[3] In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:
"Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Pat Ginis
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated  5-9  , 2007

_____
John Burton